Donald L. DAVIS and Russell
Correll, Appellants,

v.

J.C. NICHOLS COMPANY and
Harwood Operating Company,
Respondents,

v.

BOARD OF ZONING ADJUSTMENT,
CITY OF KANSAS CITY,
Missouri, Respondent.

No. WD 40297.

Missouri Court of Appeals,
Western District.

Dec. 6, 1988.

Christopher C. Marsh, Springfield, for appellants.

Timothy S. Frets, Baker & Sterchi, Kansas City, for J.C. Nichols & Harwood Operating Co.

Before SHANGLER, P.J., and NUGENT and COVINGTON, JJ.

SHANGLER, Presiding Judge.

The plaintiffs Davis and Correll appeal from a summary judgment entered on their petition for damages for private nuisance against the defendants J.C. Nichols Company and Harwood Operating Company for the unreasonable use of their parking lot. The plaintiffs complain that the summary judgment violates the mandate and opinion of this court in *Davis v. J.C. Nichols Co.*, 714 S.W.2d 679 (Mo.App.1986), which remanded the cause to the circuit court "for

a new trial, all in accordance with the Opinion of this Court." The plaintiffs argue that the summary judgment violates the holding of *Davis* that the city ordinances, excluded by the trial court, were admissible to define nuisance and to show that the special permit under which the parking lot was constructed was in violation of the ordinance so that its maintenance by the defendants constituted an unreasonable use. The plaintiffs say that the circuit court on remand was bound to this holding as the law of the case, but that the trial court by the summary judgment denied the ordinances any efficacy as evidence and so failed its duty of compliance the law imposes.

■ The formal entry of summary judgment expresses the rationale upon which the decision rests:

The directed verdict entered in defendants' favor at the close of plaintiffs' evidence at the July, 1985 trial was reversed and remanded by the Missouri Court of Appeals, Western District based on the exclusion of two Kansas City, Missouri ordinances from evidence at trial.[1] The first ordinance was § 39.446(I)(A) (the zoning ordinance under which defendant obtained the authority to expand an existing parking lot). *The Court of Appeals held the ordinance should have been admitted into evidence as it was relevant to prove that defendants' parking lot, as constructed, exceeded the scope of the special use permit.* 714 S.W.2d at 684. The uncontroverted evidence developed after remand unassailably proves that defendants did not exceed the scope of the Special Use Permit in constructing the parking lot expansion. *This Court finds*[2] *that the parking lot was constructed as the permit*

*authority required and in the manner contemplated and approved by the BZA. The Court further finds that there was no "over-extension" of the parking lot beyond the boundaries set forth in the ordinance or of the permit.* The uncontroverted evidence on file shows that there is no genuine issue of material fact on this point. Rule 74.-04(c).

*The other ground of reversal of this Court's Directed Verdict concerned the exclusion of § 25.4, Code of General Ordinances, from evidence. That ordinance has since been repealed; therefore, the terms of a repealed ordinance are no longer relevant nor admissible in evidence on a re-trial.* [emphasis added]

■ The initiatives open to a trial court on remand are as rendered in the mandate and opinion of the appellate court. *Manor v. Manor,* 706 S.W.2d 603, 605[1, 2] (Mo.App.1986). Where a remand is with directions, a trial court is bound to render judgment in conformity with the mandate. *Keltner v. Harris,* 204 S.W. 561, 562[2] (Mo.App.1918). The trial court is without power to modify, alter, amend or otherwise depart from the appellate judgment. Its proceedings contrary to the directions of the mandate are "null and void." *Morrison v. Caspersen,* 339 S.W.2d 790, 792[1–3] (Mo.1960). A reversal and remand "for a new trial, all in accordance with the Opinion of this Court" [as our mandate in *Davis* directs], on the other hand, is a general remandment for a new trial, and without specific directions. *Feinstein v. McGuire,* 312 S.W.2d 20, 24[2, 3] (Mo.1958); *Brocco v. May Department Stores Co.,* 227 Mo. App. 395, 55 S.W.2d 322, 325[4, 5] (1932). A general remand nevertheless has the ef-

---

1. Contrary to the understanding the entry of summary judgment expresses, the law of the case *Davis* declares includes a holding also [at 683] that there was evidence at the trial that: "the parking lot created noxious fumes, noise and air pollution through operation of equipment during construction and of automobiles after completion and that numbers of people gathered on the lot and engaged in unseemly acts." This proof, quite apart from any effect of ordinance, suffices prima facie to submit the

private nuisance cause of action. *Bower v. Hog Builders, Inc.,* 461 S.W.2d 784, 794 (Mo.1970).

2. The articulation of summary judgment in terms of "findings" is anomalous. Summary judgment issues when "there is no genuine issue as to any material fact [so that the movant] is entitled to a judgment as a matter of law." Rule 74.04(c). *Fauvergue v. Garrett,* 597 S.W.2d 252, 253[2–4] (Mo.App.1980).

fect of a direction to proceed in accordance with the holdings entered by the opinion of the court of review as the law of the case. *State ex rel. Melbourne Hotel Co. v. Hostetter,* 344 Mo. 472, 126 S.W.2d 1189, 1192[3–6] (banc 1939).

These principles yield the fundamental rule that:

"[A] prior decision by an appellate court becomes the law of that case, with rare exceptions, and must be recognized as such in all subsequent proceedings had therein in the lower courts and, with rare exceptions, in the appellate court itself which rendered such decision upon a subsequent appeal to it upon the same point."

*Jenkins v. Wabash Ry. Co.,* 232 Mo.App. 438, 107 S.W.2d 204, 211[4] (1937) *cert. denied,* 302 U.S. 737, 58 S.Ct. 139, 82 L.Ed. 570 (1937). The law of the case is more than merely a courtesy: it is the very principle of ordered jurisdiction by which the courts administer justice.

" 'When a point, once decided by this [supreme] court, comes before either the circuit court or the Court of Appeals on further proceedings in the same case, neither of the courts last named has jurisdiction to overrule this court ... Here the question is as to the duty of that court to follow the prior decision of this court in the same case. *It becomes, not a question of whether that court is right or wrong in its construction of the decision of this court, but whether that court is within its lawful jurisdiction, if it disregards the law of the case as previously declared by this court.' "* [emphasis added]

*Id.* 107 S.W.2d at 210 [citing the separate opinion of Judge Ferriss, approved by the majority opinion in *State ex rel. Curtis v. Broaddus,* 238 Mo. 189, 142 S.W. 340, 349 (1911)].

Our first opinion in *Davis* was a review of a judgment entered on a directed verdict for the defendants on claims of private nuisance at the close of the evidence for the plaintiffs. The claims of nuisance by the area residents were based upon the manner of the construction of a customer-employee parking lot on residentially-zoned property and upon the manner of its operation thereafter. The construction was enabled by the grant of a special use permit issued by the municipal Board of Zoning Adjustment [BZA] under § 39.446(I)(A) of the municipal ordinances. That enactment authorizes the BZA to:

permit as an auxiliary use for customers and employees of neighboring business establishments, a parking area for passenger automobiles, on [residential lots], *all of which lot or lots are within five hundred [500] feet of a business or industrial district....* [emphasis added]

Other municipal ordinances—§§ 25.1, 25.2, 25.3, 25.4, 25.5, 25.14 and 25.15—prohibit the maintenance of nuisances, define them, and describe complaint procedures. The plaintiffs offered these ordinances as evidence, but the court disallowed them as irrelevant on the proof of private nuisance. *Davis* held the exclusions error, and remanded for a new trial because of that error. In the course of opinion, *Davis* renders the rationale for the probativeness of each set of ordinances, first as to § 39.446(I)(A), and then as to the § 25 series.

*Davis* explains that in that first trial of the nuisance claims, the defendants used the fact of the special use permit issued by the BZA under § 39.446(I)(A) for the inference that the construction and operation of the parking lot were with official sanction, and hence could not be a nuisance. The plaintiffs offered § 39.446(I)(A) to show that the parking lot was not constructed as the ordinance required—but rather, as the evidence would show, exceeded the 500 foot limitation from the nearest commercial or industrial zone. The defendants argued to the *Davis* court that the ordinance was properly rejected by the trial court since the use of § 39.446(I)(A) tendered by the plaintiffs constituted "a collateral attack on the decision of the Board of Zoning Adjustment" to allow the special permit, an issue altogether irrelevant to the claims for nuisance. *Davis* responded that the ordinance was probative as "countering the defense of the permit itself and would also be some

evidence bearing on the reasonableness of the property use." 714 S.W.2d at 684.

The defendants on motion for rehearing reasserted that the decision of the BZA to issue the special use permit, since final, was res judicata to any inquiry of its illegality under § 39.446(I)(A). So, to validate that ordinance as evidence on the nuisance claims—as does *Davis*—violates principles of adjudicative finality and constitutes an impermissible collateral attack on the final decision of the BZA. *Davis* responded by a per curiam memorandum opinion expressly to guide the treatment of the evidence on the retrial. The response opinion iterated, but with more emphasis, the original rationale for the probativeness of the ordinance as evidence on the nuisance causes of action: that the parking lot could not have been lawfully constructed without the special use permit; that the only authority for the BZA to issue the permit was ordinance § 39.446(I)(A); and that—since without dispute—all but 10 feet of the ground site for the lot exceeded the maximum distance of 500 feet from a commercial district which ordinance § 39.446(I)(A) imposes the special use permit was unlawful. The ordinance was therefore relevant to prove that the area covered by the parking lot was not a lawful subject for a permit nor of the use made of the lot.

The per curiam memorandum opinion took particular note of the argument in the motion for rehearing that "[t]he BZA specifically held that § 39.446[ (I)(A) ] did not require the entire lot to be within the five hundred foot requirement"; that, in any event, after the passage of time for review of a decision of the BZA, even action for which it has no authority becomes immune from any challenge. To this, the opinion responded pointedly:

The most casual reading of § 39.446(I)(A) discloses that such an interpretation is

patently erroneous. The ordinance plainly says "all of which lot or lots" shall be within 500 feet of a commercial district. Under [defendants'] interpretation, there would be no limit to which a parking lot might be extended in a residential area so long as one foot of the ground was within 500 feet of the business district.

. . . .

The Board of Zoning Adjustment has no legislative power and cannot by its order amend or repeal any zoning ordinance, rule or regulation. *Brown v. Beuc*, 384 S.W.2d 845, 851 (Mo.App.1964).[3] Issuance of a permit not in conformity with the city code confers no rights to violate the code. *H.B. Deal & Co. v. Kuhlmann*, 244 S.W.2d 390, 393 (Mo.App. 1951). *If the Board of Zoning Adjustment had no authority or jurisdiction to act as it did, the order was void and can be attacked in any manner, whether directly or collaterally. Himmel v. Leimkuehler*, 329 S.W.2d 264, 271 (Mo. App.1959). [emphasis added]

The evidence which [plaintiffs] tendered and which was refused admission was offered to support the claim that operation by respondents of a commercial parking lot in a residential neighborhood with the attendant noise, exhaust fumes and traffic was a nuisance. The ordinance governing the authority of the Board of Zoning Adjustment to issue parking lot permits was relevant and competent, not to initiate a review of the merits of the Board decision, but to demonstrate that the area covered by the parking lot was not a lawful subject for a permit.

*Davis v. J.C. Nichols Co.*, WD 37385 slip op. at 3–4 (Mo.Ct.App. filed Aug. 6, 1986) (unpublished per curiam memorandum opinion on motion for rehearing to be published in Southwestern 2d Reporter).[4] This ruling of the opinion on rehearing, distinctly entered

---

**3.** *Brown v. Beuc*, 384 S.W.2d 845 (Mo.App.1964), was overruled by *Matthew v. Smith*, 707 S.W.2d 411 (Mo. banc 1986), but not for the declaration: "The Board of Zoning Adjustment has no legislative power and cannot by its order amend or repeal any zoning ordinance, rule or regulation."

**4.** Our per curiam on motion for rehearing in *Davis*, by some misadventure, was not included as part of the official opinion of this court in the reporter system, but still awaits publication. The per curiam, nevertheless, is "reduced to writing and filed in the cause"—as constitutional provision and rule of procedure require of a

upon the point, is the law of the case and binds the trial court on remand under our mandate in *Davis*. *Williams v. Ford Motor Co.*, 454 S.W.2d 611, 614[2] (Mo.App.1970).

Notwithstanding the duty owed by the trial court to this our holding in *Davis* as the law of the case on the remand and new trial, the summary judgment impeaches *Davis* and denies ordinance § 39.446(I)(A) any efficacy as evidence of nuisance:

> This Court finds that the parking lot was constructed as the permit authority required and in the manner contemplated and approved by BZA. *The Court further finds that there was no "over-extension" of the parking lot beyond the boundaries set forth in the ordinance or of the permit.* [emphasis added]

The finding of the summary judgment that "the parking lot was constructed as the permit authority required and in the manner contemplated and approved by the BZA," however, was not a matter of dispute—either at the first trial or at the new trial. It was supererogatory to any function of summary judgment. The question posed to *Davis*, rather, was whether ordinance § 39.446(I)(A) was admissible on the proof of nuisance. *Davis* determines that the ordinance plainly requires that *the entire parking lot area* be within 500 feet of a commercial district, and since the undisputed evidence demonstrates that all but 10 feet of the ground area used for that purpose exceeds the limitation of the ordinance, the ordinance was relevant to prove that the lot was constructed and maintained in violation of law and so was an unreasonable use of the property by the defendants, notwithstanding that the construction and use conformed to the special permit. This exposition [as the opinion on rehearing explains] assumes a prior and cognate principle of law: that since a Board of Zoning Adjustment has no legislative power and cannot by order amend or repeal a zoning ordinance, the grant of a permit not conformable to the requirements of ordinance is an exercise beyond judicial decision of the court of appeals and so integrally with the original opinion govern as the appellate judgment in *Davis*. Mo. Const.

jurisdiction, confers no rights, is void, and can be attacked in any manner—directly or collaterally.

The summary judgment finding on remand: *"there was no 'over-extension' of the parking lot beyond the boundaries set forth in the ordinance"* accedes to the insistent argument of the defendants—in the face of *Davis*—that the determination by the BZA that ordinance § 39.446(I)(A) did not require the parking lot to be within the five-hundred-foot requirement is not subject to collateral inquiry. That finding impeaches not only our determination of law in *Davis* that the ordinance requires the entire lot to be within 500 feet of a commercial zone, but also the undisputed fact that all but 10 feet of the parking lot ground area exceeded that maximum. In the case in which it is made, a previous ruling by the appellate court upon a point distinctly made is more than authority, it is a final adjudication. *May v. Crawford*, 150 Mo. 504, 51 S.W. 693, 699 (1899). Therefore, to slight our construction of ordinance § 39.446(I)(A) in *Davis* and our holding of law that the BZA special use permit did not conform to that enactment, was void, and so subject to collateral attack by evidence of the ordinance terms, was a course not open to the trial court on remand under our opinion and mandate. *In re Marriage of Quintard*, 735 S.W.2d 388, 390[1–4] (Mo. App.1987). Rather, the legal conclusions announced in *Davis* on the same facts not only prescribe the duty of the trial court on remand but limit its power to a strict obedience and conformity. *Mangold v. Bacon*, 237 Mo. 496, 141 S.W. 650, 654[5] (1911).

If circumstances arise that cast doubt on the correctness of the law of the case as established on appeal, our procedures enable a litigant to press the *appellate court* to depart from the mandate and opinion by motion for rehearing, motion to recall mandate, or by appeal from the judgment entered after remand. *Trower v. Missouri–Kansas–Texas R. Co.*, 353 Mo.

Art. V § 12, as amended August 3, 1976; Rule 84.16(a).

757, 184 S.W.2d 428, 430[3–5] (1944); *Jenkins v. Wabash Ry. Co.*, 107 S.W.2d at 211[4]. We discern no change in the law, nor any manifest error of decision, nor any other "debt due justice" which prompts us to reconsider or veer from our declaration that, consonant with our construction of ordinance § 39.446(I)(A), the validity of the BZA special use permit was open to collateral attack by the terms of the ordinance itself. *Id.* The arguments of the defendants—as well as the "finding" of summary judgment—against the rule of collateral attack of such a void administrative—action are cavil, and not pleas to redress an egregious lapse of justice. The principles which undergird this declaration of law in *Davis* are not uncertain.

▮ That a board of zoning adjustment is without vestige of legislative power, so that a special use permit issued in contravention of the ordinance renders the exercise void, invests no rights and becomes subject to collateral attack is no new or suspect doctrine.[5] It is a principle of decision used not only by our courts, but also by other courts and noted by authoritative texts. *See Himmel v. Leimkeuhler*, 329 S.W.2d 264, 271 (Mo.App.1959); *Weber v. Pieretti*, 72 N.J.Super. 184, 178 A.2d 92, 101[15–17] (Ch.Div.1962) *cert. denied*, 39 N.J. 236, 188 A.2d 177 (1963); *Waeckerle v. Board of Zoning Adjustment*, 525 S.W.2d 351, 359[6, 7] (Mo.App.1975); 8 McQuillin Mun.Corp. § 25.152 (3d ed. 1983); 3 Rathkopf, The Law of Planning & Zoning § 42.07[4] (1988); *City of Lamoni v. Livingston*, 392 N.W.2d 506, 510[4] (Iowa 1986); *Noonan v. Board of Zoning Review of Town of Barrington*, 90 R.I. 466, 159 A.2d 606, 608[3] (1960); *Hurt v. Caldwell*, 222 Va. 91, 279 S.E.2d 138, 142 (1981).

The trial court on remand was concluded by the law of the case to receive ordinance § 39.446(I)(A) as evidence for the purpose

*Davis* delineates. The summary judgment which rests on the exclusion of the ordinance is erroneous.

The summary judgment rests also on the repeal of § 25.4 since the remand, and hence on new and controlling evidence not before the court in the first adjudication by directed verdict or *Davis* on the appeal:

"The other ground of reversal of this Court's Directed Verdict concerned the exclusion of § 25.4, Code of General Ordinances, from evidence. That ordinance has since been repealed; therefore, the terms of a repealed ordinance are no longer relevant nor admissible on retrial."

▮ A matter not decided by the appellate court opinion, either directly or by implication, is not within the operation of the rule that the appellate decision is the law of the case in subsequent proceedings in the same cause. Where the issues or evidence on the retrial are different from those vital to the first adjudication and opinion, the law of the case does not conclude either the trial court or the appellate court on remand. *Creason v. Harding*, 344 Mo. 452, 126 S.W.2d 1179, 1183[1] (banc 1939); *Williams v. Ford Motor Co.* 454 S.W.2d 611, 614[3–5] (Mo.App.1970).

▮ In support of their motion for summary judgment at the retrial on remand, the defendants presented the certificate of the city clerk and the ordinance of repeal of § 25.4—the ordinance *Davis* holds was improperly excluded at the first trial. Whether a law exists is a question of fact. *Loeffler v. City of Kansas City*, 557 S.W.2d 656, 657[2] (Mo.App.1977). That fact was not disputed by the plaintiffs, and the trial court on remand determined that there was no genuine issue as to that material fact and precluded that ordinance as

---

5. In view of the peremptory requirement of ordinance § 39.446(I)(A) that all of a parking lot shall be within 500 feet of a commercial zone, the proper resort for the defendants to enable the contemplated use for that purpose of land beyond the 500–foot maximum was an application to the Board of Zoning Adjustment for an area variance, rather than for a special use permit. *One Hundred Two Glenstone, Inc.*

*v. Board of Adjustment of City of Springfield*, 572 S.W.2d 891, 893[1–6] (Mo.App.1978); *Waeckerle v. Board of Zoning Adjustment*, 525 S.W.2d 351, 359[6, 7] (Mo.App.1975). It is not untoward to infer that the defendants adopted the special use permit course in order to evade the more rigorous showing required for an area, or nonuse, variance. *Matthew v. Smith*, 707 S.W.2d 411, 416[2] (Mo. banc 1986).

evidence by summary judgment. In the absence of a savings clause, the repeal of an ordinance operates to relieve from its sanctions persons in violation of the enactment. *City of St. Louis v. Wortman*, 213 Mo. 131, 112 S.W. 520, 525 (1908); *Kansas City v. Clark*, 68 Mo. 588, 589 (1878). The repeal of § 25.4 relieved the defendants of the sanction of any violation, and the plaintiffs of any right thereafter to ground any claim of nuisance on the effect of that ordinance. The continuance of a suit which is dependent on an ordinance which has been repealed stops where the repeal finds it. 62 C.J.S., Municipal Corporations § 438(c). The summary judgment which excluded § 25.4 as evidence on the retrial after remand does not disobey the law of the case in *Davis*, and was properly entered.[6]

The exclusion of ordinance § 25.4 notwithstanding, the order of summary judgment was erroneous. That ordinance proscribed as a nuisance the conduct of a business or enterprise within 150 feet from a residence "which causes or produces any noises, vibrations, smoke, dirt, dust, odors or gases to such extent as to be detrimental or injurious to the comfort, peace or health of other persons." Air and noise pollution [and other effects of land use] may give rise to a common law nuisance quite apart from any definition of ordinance—if the use which engenders them is unreasonable. *Frank v. Environmental Sanitation Management*, 687 S.W. 2d 876, 881 (Mo. banc 1985); *Fuchs v. Curran Carbonizing and Eng'g Co.*, 279 S.W.2d 211, 215[1] (Mo.App.1955). *Davis*, at 685 determines that the evidence presented by the plaintiffs at that first trial of such noise and exhaust fumes produced at the parking lot as to interfere with the enjoyment of their residence. There remained for adjudication, therefore, the material issue of fact as to whether these

effects to the plaintiffs rendered the use of their property by the defendants unreasonable. Summary judgment was precluded by the court. Rule 74.04(c).

Judgment is reversed and cause is remanded for further proceedings.

All concur.

---

**6.** Neither does the doctrine of the law of the case apply as to evidence on new issues introduced on the retrial by amended pleadings after remand. *Williams v. Ford Motor Co.*, 454 S.W. 2d at 614[3–5]. On remand from *Davis*, the defendants as third-party plaintiffs brought actions against the City of Kansas City, Missouri

and the Board of Zoning Adjustment as third-party defendants. The third-party action sought indemnification or alternatively, contribution from the third-party defendants on the theory that any adjudged liability to the plaintiffs by the defendants was only because they complied with the special use permit issued by the BZA.