2002-NMCA-018

40 P.3d 1025

STATE of New Mexico,
Plaintiff–Appellee,

v.

Raymond Eric GAGE, Defendant–
Appellant.

No. 22,099.

Court of Appeals of New Mexico.

Dec. 27, 2001.

Certiorari Denied, No. 27,315,
Feb. 8, 2002.

Patricia A. Madrid, Attorney General, Joel Jacobsen, Assistant Attorney General, Santa Fe, NM, for Appellee.

Eric D. Dixon, Portales, NM, for Appellant.

## OPINION

SUTIN, Judge.

{1} Defendant Raymond Eric Gage was convicted and sentenced in magistrate court for driving while intoxicated, and upon his trial de novo in district court, he was convicted and sentenced again. On the district court remand to magistrate court to enforce the district court sentence, Defendant asked the magistrate court to reconsider his district court sentence in yet another hearing. The magistrate court denied Defendant's request, and Defendant appealed from that denial, seeking a de novo hearing in district court. The district court quashed the notice of appeal from magistrate court on the ground that the magistrate court order was not an appealable order.

{2} We hold the magistrate court properly denied Defendant's motion for reconsideration because the magistrate court did not have lawful authority to modify or supersede the district court sentence. Having requested the magistrate court to exercise authority

it did not have, Defendant had no lawful basis on which to appeal the magistrate court's denial of his motion for reconsideration.

## BACKGROUND

{3} Defendant was convicted by a jury in magistrate court for aggravated driving while intoxicated and speeding. He was sentenced by the magistrate court to the statutory term of 364 days incarceration with 184 days suspended, for a sentence of incarceration of 180 days or six months. Defendant appealed de novo to the district court and was again convicted by a jury for driving while intoxicated and speeding. He was sentenced by District Judge Gary Clingman to the statutory term of 364 days with all but 270 days suspended, resulting in a sentence of incarceration of 270 days or nine months.

{4} Defendant appealed to this Court the district court conviction and sentence. We affirmed in a memorandum opinion. The Supreme Court denied Defendant's certiorari petition. We issued a mandate to the district court on September 18, 2000, directing the clerk of the district court "to issue any commitment necessary for the execution of your judgment and sentence."

{5} Upon the district court's receipt of the mandate of this Court, the district court remanded the case to magistrate court. *See* Rule 6–703(J), (O), (P) NMRA 2001.[1] The magistrate court entered an order on December 22, 2000, stating:

Upon the mandate received from the District Court....

[IT] IS HEREBY ORDERED, according to the mandate that the prior sentence ... will be carried out as follows:

. . . .

Defendant is to report to the Lea County Detention Facility ... [on] December 27, 2000 to serve 270 days incarceration.

{6} On December 27, 2000, Defendant filed a motion in magistrate court to reconsider the sentence. The motion, entitled Motion to Reconsider Sentence Imposed (motion to reconsider), sought a new sentencing hearing because

[T]he District Court increased the sentence by three months without cause or justification based on the fact that Mr. Gage had requested a jury trial in the matter and apparently it was the District Court's policy at the time to enhance sentences whenever a jury trial was requested in the matter.

The magistrate court denied the motion to reconsider by a handwritten notation on the motion, "Motion Denied." The record does not reflect a hearing on the motion.

{7} Defendant appealed to the district court the magistrate court denial of his motion for reconsideration. He requested a jury trial. The State filed a response to the motion to reconsider in the district court. Without a hearing, on January 23, 2001, Judge Clingman entered an Order Quashing Notice of Appeal in which he determined the denial of Defendant's motion for reconsideration by the magistrate court did not constitute an appealable order.

## The Intervening Supreme Court Opinion of *State v. Bonilla*

{8} Defendant's positions on appeal arise from an opinion of the New Mexico Supreme

---

1. Rule 6–703(J) states "[t]rials upon appeals from the magistrate court to the district court shall be de novo." Rule 6–703(O) requires the district court after it disposes of a de novo appeal by judgment or order to issue a mandate. If a notice of appeal from the district court judgment or order is filed, the mandate is to issue upon final disposition of the appeal. *Id.* Rule 6–703(P) states: "Upon expiration of the time for appeal from the judgment or final order of the district court, if the relief granted is within the jurisdiction of the magistrate court, the district court shall remand the case to the magistrate court for enforcement of the district court's judgment." Defendant in the present case does not question the authority of the district court to remand to the magistrate court with a mandate to enforce the district court's sentence of Defendant. The words in Rule 6–703(P), "Upon expiration of the time for appeal from the judgment or final order of the district court" do not clearly mean "upon exhaustion of all appeal right," which is the point at which the district court in the present case remanded the matter to the magistrate court to carry out the district court's sentence. Nevertheless, we think Rule 6–703(P) may appropriately apply under the circumstances of this case, and the district court acted pursuant to Rule 6–703(P) procedure.

Court issued in December 2000. The Supreme Court ruled unconstitutional a sentencing policy and practice of the very judge who sentenced Defendant. It is unclear when Defendant became aware of this Supreme Court opinion. We discuss the circumstances in more detail for a complete picture of the background of this case.

{9} On December 12, 2000, the Supreme Court filed *State v. Bonilla*, 2000–NMSC–037, 130 N.M. 1, 15 P.3d 491. In *Bonilla*, the trial judge, who was Judge Clingman, apparently just before sentencing the defendant, "announced that it was the general policy of the court that 'if a person is found guilty of a crime in this court by a jury, that the statutory penalty be imposed.' " *Id.* ¶ 4. The Supreme Court determined that the defendant was sentenced under that policy and held the sentencing unconstitutionally penalized him for exercising his Sixth Amendment right to a jury trial. *Id.* ¶¶ 10, 13, 15. *Bonilla* was first published in the January 11, 2001, issue of the State Bar Bulletin. 40 N.M. Bar Bul. 20 (Jan. 11, 2001).

{10} Defendant's reliance on *Bonilla* first surfaces in the record in Defendant's March 19, 2001, docketing statement filed in this Court. In the docketing statement, Defendant states Judge Clingman entered an order on January 23, 2001, quashing Defendant's notice of appeal, and then further states:

It was learned by counsel for Defendant *much* later, that Judge Clingman had a "policy" of imposing the statutory penalty when the Defendant was found guilty by a jury. Mr. Gage's Magistrate Court sentence had been increased from six months to nine months by Judge Clingman. This three month increase in the sentence was not merited by the record. The District Attorney's office asked only that the six month sentence be imposed. Further, Mr. Gage indicated that he was required to aid his mother on a frequent basis and would not be able to render this aid while incarcerated. Mr. Gage also indicated that he had been going to Alcoholics Anonymous and was attempting to rehabilitate himself. The increased sentence was an apparent result of Judge Clingman's "policy" of pun-

ishing Defendant[s] who choose to exercise their constitutional right to trial by jury.

(Emphasis added.) It would appear from these statements Defendant and his counsel became aware of the *Bonilla* decision after Judge Clingman's January 23, 2001, order. It is unclear from the record and the briefs whether Defendant or his counsel were aware of the *Bonilla* decision when Defendant filed his motion to reconsider in magistrate court on December 27, 2000. He may not have been, since the decision did not appear in the Bar Bulletin until January 11, 2001.

{11} In his brief-in-chief on appeal, citing *Bonilla*, Defendant states, "[a]pparently, Judge Clingman had an oral policy of enhancing the sentence[ ]of any Defendant who chose to exercise his constitutional right to jury trial." Defendant argues that, based on the circumstances of the sentencing, including the prosecutor's "emphasis three different times in his statement to the court that Mr. Gage had exercised his constitutional right to trial by jury[,] [t]he implication was clear, the court should punish Mr. Gage for exercising his constitutional rights." Defendant suggests a court policy of sentencing based on exercising the right to demand a jury trial was enforced against Defendant, shown by the "enhanced sentence" imposed by Judge Clingman.

**Defendant's Present Appeal to This Court**

{12} Defendant appeals to this Court from three separate court actions: (1) this Court's September 18, 2000, mandate to the district court; (2) the magistrate court's December 22, 2000, denial of Defendant's motion to reconsider; and (3) the district court's January 23, 2001, order quashing Defendant's appeal. Defendant seeks reversal on two distinct points. His first point, unrelated to *Bonilla*, is that the district court erred in quashing the appeal on the ground the denial of his motion to reconsider was not an appealable order. This point necessarily raises the issue of whether the magistrate court had lawful authority to modify or supersede the district court sentence on remand under

a mandate from the district court to enforce the sentence of the district court.

{13} Defendant's second point is based on the policy and practice that existed when the defendant in *Bonilla* was sentenced in September 1997. *See id.* ¶ 4. Defendant suggests Judge Clingman employed the same or a similar policy in punishing Defendant for exercising his constitutional right to trial by jury, and Defendant wants an evidentiary hearing on that issue. In any such hearing, Defendant must rely either (1) upon evidence of the existence of such a policy when Defendant was sentenced on March 31, 2000, some two and one-half years after Mr. Bonilla was sentenced, or (2) from some presumption Defendant may contend should be applied based on *Bonilla.* Such a presumption would be that the policy that existed in 1997, or some similar policy, must have continued to exist up to and during Defendant's March 31, 2000, sentencing. Defendant nowhere elaborates on what proof or presumption he may rely if the issue of the existence of such a policy were to be heard as he requests.

## DISCUSSION

### Standard of Review

{14} "Interpretation and application of the law are subject to a de novo review." *State v. Roman,* 1998–NMCA–132, ¶ 8, 125 N.M. 688, 964 P.2d 852.

### Defendant Failed to Seek Relief in the District Court

{15} Under Rule 5–801(B) NMRA 2001, Defendant had ninety days from this Court's September 18, 2000, mandate to the district court within which to seek a modification of his sentence in district court. His deadline, therefore, was December 17, 2000. Defendant missed that deadline.

{16} Defendant states in his brief on appeal, without citation to the record, that on December 27, 2000, after mandate from this Court, he asked the district court to reconsider its sentence of nine months. Nothing exists in the record to reflect or support a motion to reconsider at the district court level. Defendant implies that he asked the trial judge to have another judge hear the request and contends on appeal that the district court erred in refusing to have another judge hear his reconsideration request. Nothing exists in the record to reflect or support this implication. Nothing exists in the record showing any district court action on these alleged and implied requests. We do not have before us any transcript or tape of any district court hearing or discussion in regard to reconsideration by the district court of its sentence or in regard to having a different judge hear such a request. We therefore will not consider these statements. *See In re Aaron L.,* 2000–NMCA–024, ¶ 27, 128 N.M. 641, 996 P.2d 431 ("This Court will not consider and counsel should not refer to matters not of record in their briefs.").

### The Mandate to the Magistrate Court and Defendant's Motion

{17} On appeal, Defendant appears to foresee, without directly addressing it, the question whether a magistrate court can modify the sentence of a de novo court. He is careful to say he "was not asking the [magistrate c]ourt to 'review' the decision of Judge Clingman"; rather, he says he was simply "request[ing] a new sentencing hearing." Relying on Rule 6–801 NMRA 2001, Defendant argues the magistrate court had the statutory authority to hold another sentencing hearing. Rule 6–801 gives the magistrate court authority to "modify . . . a sentence . . . at any time during the maximum period for which incarceration could have been imposed." Thus, what Defendant appears to be telling this Court is he did not specifically ask the magistrate court to modify the district court sentence, but rather asked the magistrate court to independently re-sentence without regard to the district court sentence.

{18} Were he to have obtained another sentencing hearing in magistrate court, Defendant presumably would have requested the magistrate court to impose a sentence of less served time than the 270–day incarceration imposed by the district court. To grant the relief Defendant sought, the magistrate court would have had either to ignore the sentence imposed and mandate issued by the district court or to modify the district court sentence. Whether Defendant's motion for

reconsideration was for an independent sentencing that would in effect supersede the district court's sentence, or for specific consideration and modification of the district court's 270–day incarceration, we hold the magistrate court lacked statutory or rule authority in this case to ignore the district court sentence and mandate or to modify the district court sentence.

{19} We read Rule 6–801 as authority for the magistrate court to modify a magistrate court sentence, not modify a district court sentence imposed after a trial de novo in the district court. The record does not reflect the reason why the magistrate court denied Defendant's motion for reconsideration. Whatever the magistrate court's reason, the motion was properly denied, because it asked the magistrate court to go beyond the mandate and to modify or supersede the district court sentence, and thereby asked the magistrate court to exercise jurisdiction it did not have and to act without lawful authority.

{20} Even the specific assertion that the district court's sentence of Defendant was unconstitutionally imposed pursuant to the policy outlawed in *Bonilla* would not, in our opinion, have given the magistrate court lawful authority in this case to entertain the motion asking it to ignore or modify the district court sentence and mandate and impose a different sentence. We do not think the magistrate court had the lawful authority to hear evidence regarding Judge Clingman's policy and then proceed to modify or supersede the district court sentence. The district court mandate required the magistrate court, on remand under Rule 6–703(P), to enforce the sentence of the district court. The magistrate court had no jurisdiction or authority to exceed that mandate. *See Vinton Eppsco Inc. v. Showe Homes, Inc.,* 97 N.M. 225, 226, 638 P.2d 1070, 1071 (1981); *Bd. of Educ. v. Rodriguez,* 79 N.M. 570, 571, 446 P.2d 218, 219 (1968); *State ex rel. Del Curto v. Dist. Ct.,* 51 N.M. 297, 298, 304, 308, 183 P.2d 607, 608, 612, 614 (1947); *see also* N.M. Const. art. VI, §§ 13, 26 (amended 1988); NMSA 1978, §§ 35–1–1 (1968), 35–3–4 (1985). While an intervening decision of a superior appellate court, such as our Supreme Court,

might, under certain exceptional circumstances, allow the lower (magistrate) court discretion to disregard the mandate of an intermediate appellate court, *see, e.g., State v. Frank,* 2001–NMCA–026, ¶ 5, 130 N.M. 306, 24 P.3d 338, *cert. granted,* 130 N.M. 254, 23 P.3d 929 (2001); *State ex rel. Davis v. Cleary,* 77 Ohio App.3d 494, 602 N.E.2d 1183, 1185 (1991), the appearance of *Bonilla* did not, in the case before us, provide such an exceptional circumstance. Defendant was speculating, at best, as to whether the *Bonilla* policy or any modified remnant of that policy was still in existence two and one-half years after the defendant in *Bonilla* was sentenced. Defendant's avenue for reconsideration of his sentence was only by way of motion in the district court, pursuant to Rule 5–801, after this Court's mandate to that court.

{21} Defendant ignores New Mexico law. He attempts to support his position with three out-of-state cases, each of which is entirely consistent with New Mexico law and our holding in this appeal. Two of the cases simply say a lower court can more broadly act on remand from an appellate court when matters are left open by the appellate court and the lower court action is not inconsistent with the appellate court decision. *See Haines Pipeline Constr., Inc. v. Mont. Power Co.,* 265 Mont. 282, 876 P.2d 632, 637 (1994); *City of Detroit v. Gen. Motors Corp.,* 233 Mich.App. 132, 592 N.W.2d 732, 736 (1998). The third case, *Davis v. J.C. Nichols Co.,* 761 S.W.2d 735 (Mo.Ct.App.1988), strongly supports our holding here. The court in *Davis* did not vary from the hard-and-fast rule that the law of the case established on appeal binds the district court on remand under the appellate court mandate. *Id.* at 739–40. The aspect of *Davis* on which Defendant relies was a separate issue "not within the operation of the rule that the appellate decision is the law of the case in subsequent proceedings in the same cause." *Id.* at 741. The court in *Davis* approved the district court's dependency, in a permitted summary judgment proceeding on remand, on "new and controlling evidence not before the court in the first adjudication by directed verdict or *Davis* on the appeal." *Id.*

586

{22} In the present case, the magistrate court's jurisdiction and authority on remand was limited to that of carrying out the district court sentence, nothing more. The magistrate court was not given latitude to hold a re-sentencing hearing and take "new and controlling evidence." Rather, the only circumstance relating to the sentencing issue was that there may have been some doubt as to the legality of the district court sentence due to the later-issued *Bonilla* decision. Under the circumstances, Defendant should have filed a motion in district court to change its sentence.

{23} Based on the foregoing, we determine that the court orders from which Defendant appeals are appropriate and valid orders. Nevertheless, we note Defendant is not deprived of an opportunity to have an evidentiary hearing in the district court to determine if Judge Clingman's March 31, 2000, sentence was based on a policy meant to penalize Defendant for exercising his constitutional right to trial by jury. Defendant has that opportunity through a habeas corpus proceeding under Rule 5–802 NMRA 2001.

## CONCLUSION

{24} We affirm. In accordance with *Bonilla*, 2000–NMSC–037, ¶ 15, 130 N.M. 1, 15 P.3d 491, and to avoid any appearance of impropriety, Defendant's habeas proceeding, should he file one, should be heard by a judge other than Judge Clingman.

{25} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD, Judge, and CYNTHIA A. FRY, Judge.