2005-NMCA-030

108 P.3d 1

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Kevin Samuel TARVER, Defendant–
Appellant.**

**No. 24,572.**

Court of Appeals of New Mexico.

Jan. 19, 2005.

Patricia A. Madrid, Attorney General, Ann M. Harvey, Assistant Attorney General, Santa Fe, NM, for Appellee.

Brick P. Storts, III, Barton & Storts, P.C., Tucson, AZ, David Norvell, Albuquerque, NM, for Appellant.

## OPINION

PICKARD, Judge.

{1} The question for decision in this case is whether New Mexico courts have the authority under the Western Interstate Corrections Compact and accompanying statutes, NMSA 1978, §§ 31–5–4 to –9 (1959, as amended through 1985) (the Compact), to order the transfer of a prisoner from New Mexico to a neighboring state when that prisoner has not alleged any constitutional violations and instead seeks transfer due to a desire to be near his parents and an unproven fear of other prisoners. We hold that the district court correctly ruled that it did not have jurisdiction to order the transfer in this case, and we therefore affirm.

## FACTS AND PROCEEDINGS

{2} On June 16, 1997, Defendant was sentenced, upon his plea of guilty, to eighteen years of imprisonment for child abuse resulting in death or great bodily harm. Five years later, he began to seek transfer by

requesting that the prison administration transfer him to Arizona. Finding that he did not present a threat to security or that his own safety was in danger, the prison administration declined his request. He then sought relief by filing a motion in his criminal case in the district court, asking that the district court order the transfer pursuant to the Compact. Upon stipulation of an assistant district attorney, the district court ordered the requested transfer.

{3} That order, however, was vacated, at the request of the Department of Corrections. The matter was thereafter heard by the district court upon motions, memoranda, and exhibits by Defendant and the Department of Corrections and also upon argument at a hearing. The district court concluded that it did not have jurisdiction to order the transfer under the circumstances of the case and ruled that its order vacating the previous transfer order would stand. Defendant appeals.

**PRELIMINARY MATTERS**

{4} Initially, the State seeks to have this appeal dismissed on the ground that there is no procedure, except perhaps habeas corpus over which this Court does not have jurisdiction, pursuant to which Defendant would be permitted to ask the district court to order a transfer of place of imprisonment. *See* Rules 5–807 and 12–102 NMRA. However, the district courts are courts of general jurisdiction, and this Court has appellate jurisdiction over their decisions except in certain named classes of cases of which this is not one. *See Ottino v. Ottino*, 2001–NMCA–012, ¶¶ 6–8, 14, 130 N.M. 168, 21 P.3d 37; Rule 12–102. Therefore, we will not dismiss the appeal.

■ {5} Secondly, the State seeks to strike large portions of Defendant's brief in chief because he did not cite to specific pages of the record proper, instead citing to pleadings by name and date of filing, and because the State contends that certain factual representations are not supported by the record. Although we read Rule 12–213 NMRA to contemplate, and we generally require, citation to specific pages of the record proper, because the record is quite small and we have easily been able to find Defendant's references, we have chosen in this case to

decline to strike portions or require Defendant to submit another, proper brief. As for the factual assertions, we have found most of them in the parties' memoranda or exhibits below, and the factual assertions were not disputed below. Therefore, we decline as well to strike portions of the brief on this ground. *See* Rule 12–312(D) NMRA (granting discretion in the appellate courts to decide the applicable sanction, if any: "[f]or any failure to comply with [the Rules of Appellate Procedure] . . . the appellate court may . . . take such action as it deems appropriate").

**DISCUSSION**

■ {6} We next turn to the issue at hand, which is whether a district court has jurisdiction, absent any constitutional violations, to order the transfer of a prisoner under the Compact upon a prisoner's allegations that (1) he is fearful of other prisoners due to the nature of his crime and one past assault that has not been repeated, perhaps because the prison authorities have taken action to successfully avoid its being repeated and (2) he wishes to be near his parents, who find it difficult to visit him in another state.

{7} Defendant relies on certain language in the Compact that appears to allow courts to issue orders pursuant to it. The Compact states:

Whenever the duly constituted *judicial* or administrative authorities in a state party to this [C]ompact, and which has entered into a contract pursuant to Article III, shall decide that confinement in, or transfer of an inmate to, an institution within the territory of another party state is necessary in order to provide adequate quarters and care or desirable in order to provide an appropriate program of rehabilitation or treatment, said officials may direct that the confinement be within an institution within the territory of said other party state, the receiving state to act in that regard solely as agent for the sending state.

Section 31–5–4 (Article IV(A) (emphasis added)). Section 31–5–6 also provides:

The *courts,* departments, agencies and officers of New Mexico and its subdivisions shall enforce this [C]ompact ... and do all things appropriate to the effectuation of its purposes and intent which may be within their respective jurisdictions including but not limited to the making and submission of reports required by the [C]ompact.

(Emphasis added.)

{8} The State, on the other hand, relies on statutory language indicating that it is the secretary of the Department of Corrections that has primary responsibility for ordering the transfer of prisoners pursuant to the Compact. In particular, Section 31–5–5 provides that "[t]he *secretary of corrections* may commit or transfer an inmate to any institution in or outside New Mexico if New Mexico has entered into a contract or contracts for the confinement of inmates in the institution pursuant to Article III of the Western Interstate Corrections Compact." (Emphasis added.) In addition, NMSA 1978, § 31–20–2(A) (1993) provides, "Persons sentenced to imprisonment for a term of one year or more shall be imprisoned in a corrections facility designated by the corrections department." Section 31–20–2(C)(5) further provides that:

[t]here is created within the corrections department an "intake and classification center". The intake and classification center shall have the following duties: ... (5) with the approval of the secretary of corrections, may transfer inmates of the penitentiary to an institution under the control of another state if that state has entered into a corrections control agreement with New Mexico[.]

Finally, NMSA 1978, § 33–1–6 (1981) sets out the duties of the secretary of corrections and includes the following: "act as state administrator, or designate a representative to act as state administrator, for any interstate correctional compacts where another person is not designated by law to act as administrator." Section 31–1–6(E).

▮▮▮ {9} When construing statutes, our primary task is to give effect to the intent of the legislature. *Rutherford v. Chaves County,* 2003–NMSC–010, ¶ 11, 133 N.M. 756, 69 P.3d 1199. When statutes are related by subject matter, we read them together and construe them as a harmonious whole. *State v. Smith,* 2004–NMSC–032, ¶ 10, 136 N.M. 372, 98 P.3d 1022. "Interpretation and application of the law are subject to a de novo review." *State v. Gage,* 2002–NMCA–018, ¶ 14, 131 N.M. 581, 40 P.3d 1025 (internal quotation marks and citation omitted).

{10} Our cases have recognized that the task of running prisons, absent constitutional violations, is for the prison administrators in the executive branch, as well as for the legislative branch. *See, e.g., Griffin v. Thomas,* 2004–NMCA–088, ¶¶ 23, 34, 136 N.M. 129, 95 P.3d 1044. Moreover, we have recognized the general rule that courts may not dictate to the Department of Corrections or like agencies where prisoners should serve their sentences. *See, e.g., State v. Neely,* 117 N.M. 707, 711, 876 P.2d 222, 226 (1994).

{11} Thus, when we consider the pertinent statutes in light of our cases, we come to the conclusion that the legislature intended the Department of Corrections, and not the courts, to make the decision about which prisoners ought to be transferred under the Compact. We are not alone in this determination. Our fellow-Compact state of Colorado has made the exact same determination when interpreting its similar version of the Compact under circumstances similar to those in the case at bar. *People v. Brack,* 821 P.2d 928, 930 (Colo.Ct.App.1991).

{12} We recognize that the Compact does state that judicial authorities may implement its provisions. But in light of the rest of the New Mexico statutes on the subject, authorizing the correctional authorities to make prisoner placement decisions, we believe that the inclusion of judicial authorities in the Compact is either for the purpose of accommodating signatory states that might allow judicial authorities to implement the Compact or for the purpose of the unusual case in which a constitutional claim might make judicial authorities the appropriate ones to implement the Compact. Because this case raises no such constitutional claims, we follow the general rules set forth in our statutes and

case law and hold that the district court did not have jurisdiction to order Defendant's transfer.

## CONCLUSION

{13} The district court's order is affirmed.

{14} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER, Chief Judge and JONATHAN B. SUTIN, Judge.