ROBERT R. YOUNG *vs.* BOARD OF REVIEW OF THE CITY OF NEWPORT.

JANUARY 12, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a petition for certiorari to review the action of the board of review of the city of Newport granting to William Stanley Kaspar a variance to the zoning laws of that city with reference to certain property known as the Woodward Estate located at Ruggles, Marine and Wetmore avenues. Pursuant to the writ the pertinent records have been certified by the respondent board.

The original petition to said board requested a variance to the zoning laws described as follows: "1. To permit the use of Parcel B on attached plat as a separate lot with a frontage of 40 feet on Wetmore Avenue. 2. To permit the use of Parcel D on said plat as a separate lot with a frontage of 125 feet on Ruggles Avenue, with an area of 27334 square feet. 3. To permit the use of Parcel E on said plat as a separate lot with a frontage of 75 feet on Ruggles Avenue, with an area of 15600 square feet."

At the close of applicant's testimony before the board, the instant petitioner filed a motion to dismiss on the ground that the board had no authority, by statute, ordinance, or otherwise, to grant the relief prayed for and that its jurisdiction was limited to the *use* of land and buildings. The motion also urged as a further ground of dismissal that the board had no authority to grant a variance except on appeal from the decision of an administrative officer by a person aggrieved by such decision, and that in the instant matter there had been no prior decision by such officer.

During the hearing the chairman of the board, without any vote thereon, denied the motion to dismiss and thereafter by the unanimous vote of the four members present the board entered the following decision: "On the motion of Mr. Marano, seconded by Mr. Contant, the following petitions were unanimously granted: "* * * William Stanley Kaspar for variance at Ruggles, Marine & Wetmore Avenues * * *.""

The instant petition to set aside and vacate the decision of the board is based on the same grounds urged by petitioner under his motion to dismiss. He further argues that the application requests only a *variance*, which requires evidence of undue hardship and that there is no evidence in the record to prove such fact.

The petitioner in the instant case contends that the original petition for a variance in effect sought the approval of a particular subdivision of land contrary to zone requirements and that neither the enabling act nor the zoning ordinance under consideration contains any authority for such regulation. An examination of such act and ordinance makes it clear that the intent of the legislature and the council was to regulate the *use* of land and the type of structures to be erected thereon. There are no provisions therein for the regulation of the subdivision of undeveloped land for use at an undetermined time in the future.

In that respect, however, the legislature later enacted

public laws 1940, chapter 847. Section 5 thereof requires, among other things, that a person desiring to subdivide any property in the city of Newport into house lots for sale or occupancy shall file a statement with a plat of the proposed subdivision; that upon the filing of such a plat the city clerk shall immediately transmit it to the planning board which is then required to act thereon at a specified time after notice to the persons and in the manner described; that the approval of such a plat by the planning board shall not constitute an acceptance by the city of any street or open space shown upon the plat; and that "Nothing herein contained shall be construed as authorizing the subdivision of any land contrary to the existing ordinance regulating the same."

Appellate jurisdiction from the decision of the planning board is vested in the board of review under section 6 of such act, which reads as follows:

"The planning board shall approve, disapprove or approve subject to modification, any plat or subdivision of land within sixty days after the submission thereof to it; otherwise such plat or subdivision shall be deemed to have been approved and a certificate to that effect shall be issued by the planning board on demand unless the applicant for the board's approval waives this requirement and consents to the extension of such period. The ground of disapproval of any plat or subdivision shall be stated upon the records of the planning board. Owners of land aggrieved by the decision of the planning board shall have the right to appeal to the board of review by filing a written appeal with the city clerk within ten days after the decision of the planning board."·

The evidence establishes that the plat of William Stanley Kaspar was not submitted to the planning board for approval in accordance with P. L. 1940, chap. 847, sec. 5, nor was any action taken by it in the matter. Therefore the original "petition for a variance" cannot in such circum-

stances be regarded as an appeal to the board of review under section 6.

In our opinion the change in area and frontage requirements as requested will create a number of new building lots under a subdivision and will in effect constitute rezoning, which result can be legally accomplished only by an amendment of the zoning ordinance by the council of the city of Newport. See *Flynn* v. *Zoning Board of Review*, 77 R. I. 118. In these circumstances we are of the opinion that the decision of the respondent board was null and void as it had no jurisdiction to entertain the application for a variance.

The petition for certiorari is granted, the decision of the respondent board is quashed, and the records in the case which have been certified to this court are ordered sent back to the board.

*Cornelius C. Moore, Salvatore L. Virgadamo, Frederick W. Faerber, Jr., Francis J. Boyle,* for petitioner.

*John F. Phelan,* City Solicitor, for respondent.

*John C. Burke,* for applicant and intervener.