WILLIAM H. NOONAN *et ux. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF BARRINGTON.

APRIL 6, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Roberts, J. This petition for certiorari was brought to review a decision of the zoning board of review of the town of Barrington denying the petitioners' application to divide into two lots a parcel of land located in a residential AA-1 district in said town. Pursuant to the writ the respondent board has certified to this court the records in the case.

It appears therefrom that petitioners are the owners of certain real estate which is located on Highland avenue and designated as lot No. 22 on assessor's plat No. 8. On April

29, 1959 they filed with the board an application wherein they requested permission to subdivide lot 22. The request was made on the form usually used by parties seeking an exception or variance under the provisions of the zoning ordinance. The precise language in the pertinent part of such request reads as follows: "This is a petition under the General Authority of Section 92 of the Barrington Zoning Ordinance to divide Lot 22 on A. P. 8 to re-create the two separate lots previously existing thereon * * *." Section 92 of the zoning ordinance confers upon the board authority to grant special exceptions and variances under the terms of the ordinance where there has been compliance with certain prescribed conditions precedent.

A hearing was held on May 21, 1959 and thereafter in executive session the board denied the application. The record of the hearing as certified to this court contains no verbatim report of such testimony as might have been given. However, it substantially summarizes the contentions of the parties and the considerations upon which the board based its denial of the application.

There appears to be no dispute that lot 22 on assessor's plat 8 had in the past consisted of two separate lots. The lot on the south had been purchased in 1931 by Pinkus Zwetchkenbaum and was described in the deed by metes and bounds. In 1932 the lot on the north was purchased by him and was also described in the deed by metes and bounds.

In 1944 Pinkus Zwetchkenbaum conveyed both lots to his son Edward and in the deed he included both of the lots in a single metes and bounds description, but stated further that it was his intention to convey the two lots acquired by him in 1931 and 1932 respectively. In 1959 Edward conveyed the property to petitioners here and in the deed included the two lots in a single metes and bounds description. He also stated in the deed that it was his intention to convey thereby the lots that had been acquired in 1931 and 1932 by his grantor in the 1944 deed.

In denying the request for a division of lot 22, the board set forth the reasons for such action. Primarily it would appear that it was of the opinion that to grant the application "would be a gross abuse of its discretion and would result in action most definitely contrary to the interest of good zoning." However, an examination of the record makes it clear that the board exercised its discretion and therein relied upon a finding by it that, although the property in question was originally two lots, there was a "merger" thereof into one lot in 1944.

In appropriate cases involving application to administrative boards or agencies, such boards and this court will attempt to do substantial justice by looking to the substance of the application for the purpose of ascertaining the precise relief sought by the applicant. *Garreau* v. *Board of Review,* 75 R. I. 44, 50. In the instant case we have therefore considered whether the application is in fact a petition for relief in the form of a variance. Upon such consideration we are of the opinion that the application should be given a literal construction as one petitioning for a subdivision of land. See *Young* v. *Board of Review,* 82 R. I. 408.

In so deciding, we considered as significant the posture in which the case was presented to the board. The applicants clearly treated it as one in which a consolidation of the two lots into one had been accomplished and they were petitioning the board to subdivide so as to "re-create the two separate lots previously existing thereon * * *." Persuasive also of the question is the fact that the applicants did not present evidence probative of their right to a variance. The record as certified to us is completely barren of any evidence which would tend to prove that they were being deprived of all beneficial use of either or both of the lots by reason of a literal application of some provision of the zoning ordinance.

We are constrained, therefore, to construe the application literally as one praying for the subdivision of land. In so

doing we are confronted not with the question of an abuse of discretion but with a question concerning the jurisdiction of the board to grant relief of the character for which prayer is made.

In our opinion a board of review is without authority to divide or to regulate the subdivision of land. The authority of such boards is limited by the provisions of general laws 1956, §45-24-19. We are of the opinion that this section neither confers such authority upon boards of review nor authorizes local legislatures to confer such authority upon them.

It is therein provided in subparagraph a. that boards of review may hear and decide appeals from decisions or orders of administrative boards or officers made in the administration of the zoning law. Nothing in the record here indicates that petitioners were prosecuting an appeal from an order or decision of an administrative board or officer or that any such board or officer has been vested with authority to subdivide land in the manner sought. See *M. & L. Die & Tool Co.* v. *Board of Review,* 77 R. I. 443, 447, where this court said that the appeal contemplated in subparagraph a. will not lie where the decision was made in an action in excess of the jurisdiction of the board or officer.

Under the provisions of §45-24-19, subparagraphs b. and c., a board of review may allow a departure from the requirements of the zoning ordinance which it is empowered to administer by making exceptions thereunder upon a proper showing, or a variance therefrom under certain specified conditions. We have already indicated that the instant application cannot properly be considered as one for a variance, and our attention has not been directed to any provision of the ordinance which creates an exception providing for the subdivision of existing parcels of land.

We are aware of the provisions of sec. 25 A of the zoning ordinance of Barrington which relate to the subdivision or consolidation of lots which have less than the minimum area requirements for residence use. Assuming without deciding that those provisions are valid, an examination thereof is not persuasive that the ordinance purports to confer authority upon the board of review to subdivide or consolidate lots thereunder.

This court on prior occasions has considered the extent of the authority conferred upon boards of review by the provisions of §45-24-19 and has indicated that it is limited in scope to that expressly conferred by the statute. In the case of *Garreau* v. *Board of Review, supra,* we held that the statutory provision did not confer authority upon a board of review to permit an applicant to substitute one nonconforming use for a different nonconforming use. In *Young* v. *Board of Review, supra,* we reviewed the action of the board in granting an application for a variance, the effect of which was to authorize the subdivision of a single parcel of land into three lots. We therein held that the board had acted in excess of its jurisdiction, and with respect to the statutory provision under consideration stated that "There are no provisions therein for the regulation of the subdivision of undeveloped land for use at an undetermined time in the future."

In our opinion the decision of the respondent board was clearly an exercise of power in excess of its jurisdiction and a nullity in law even though it resulted in a denial of the application. In the circumstances the action of the board should have been such as would not prejudice the right of the petitioners to seek such other relief as might be available to them.

For that reason and to correct the record, the petition for certiorari is granted, the decision of the respondent board

is quashed, and the records in the case which have been certified to this court are ordered sent back to the board with direction to dismiss for lack of jurisdiction and without prejudice the application of the petitioners.

*Robert Brown,* for petitioners.

*Bernard R. Pollock,* Town Solicitor, *Adler & Pollock, Edward A. Lewis,* for respondent.