[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case was originally before this Court on appeal from a decision of the Zoning Board of Review for the Town of North Providence. The Board in that decision had reversed the action of the town's Building Inspector who had issued a building permit to the plaintiff. That permit was to allow for the construction of a residential building on Lot 11 as shown on the North Providence Tax Assessor's Plat 22.
The case was remanded to the Board by decision of this Court filed on May 6, 1991. The remand was for the purpose of having the Board file a complete certified record of proceedings before it as required by law. The Board has now complied with the remand order. There is notably absent from the certified record the following documents; the town's Zoning Official's Certification, in writing, finding that the proposed use of the lot in question conforms to the provisions of the North Providence Zoning Ordinance; copies of any plans stamped by a registered engineer; the plans and specifications for the proposed construction and finally, and most necessary, the record of the town Zoning Official pertaining to the actual status of the existing zoning and subdivision, if any, applicable to the particular lot in question. The North Providence Zoning Ordinance, Article X Section 4 (e) and Article XI specifically require an applicant for a building permit to file such documents and if filed, to be part of any record certified here to this Court, in the event of an appeal. The absence, unexplained, of those required documents permits this Court to conclude that they were never filed by the plaintiff-applicant when he applied for the building permit.
In this case, it becomes obvious from a reading of the May 17, 1990 Zoning Board hearing transcript that total confusion existed over just what were the existing zoning classification and restrictions on the lot in question. That confusion resulted from the fact that on September 3, 1974 the applicant-appellant here had sought and obtained the rezoning of his land so as to construct thereon multi-family units. In that 1974 zone change, the Town Council rezoned and restricted the use of what was then shown as being Lots 8, 9 and 10 on Assessor's Plat 22. The lots were restricted to the construction thereon of not more than thirty (30) units. In 1974, Lot 11, which is the subject lot in this litigation, was shown on all of the applicant-plaintiff's maps and drawings, including the Assessor's Plat map which was used as a radius plan drawing, as a small pie-shaped lot, cut out of Lot 10. It was bounded by Isabella Street and Melbourne Avenue, with its pie-point edge reaching to Smithfield Road. When the applicant-appellant went to the Building Inspector in 1990 to obtain the building permit now in question, Lot 11 had somehow acquired both a new location as well as appearance. It had both moved and grown. Accordingly, absent an earthquake or proper subdivision since 1974, Lot 11 as it appeared on the applicant-appellant's 1990 request for a building permit is of extremely doubtful heritage. That fact was clearly recognized by the Zoning Board at its May 17, 1990 hearing and is what created the obvious confusion noted in the hearing transcript. The Zoning Board's attempt to clarify the confusion only made the problem more complex and more confusing. It developed that the Building Inspector, whose issuance of the building permit was under review, actually had no legal basis or authority to issue the permit. He did not have before him the required Zoning Official's Certification in writing that the proposed use of Lot 11 conformed to the requirements of the town's Zoning Ordinance. He did not have any records of the town Zoning Official showing the then existing zoning or subdivision, if any of Lot 10, which might have explained the mysterious movement and enlargement of the former pie-shaped Lot 11, into the new and larger rectangular shaped Lot 11. It becomes readily apparent from his statements made at the May 17, 1990 Zoning Board hearing and from the absence of the necessary and required documentation before him when he issued the building permit in question that his granting of the permit was both unexplainable as well as unauthorized. The law is clear that a municipal building inspector cannot issue a building permit for a use of land not authorized by the applicable zoning pertinent to that land. Town of Charlestown v.Beattie, 422 A.2d 1250, 1252 (1980).
In addition, the Zoning Board would not under our law have been permitted to uphold the issuance of the building permit. To have done so, on the instant facts, would have in essence constituted an additional subdivision of Lot 10, an existing lot. This the Zoning Board cannot legally do. Noonan v. Zoning Boardof Barrington, 90 R.I. 466, 470-471 (1966); Young v. ZoningBoard of Newport, 82 R.I. 408 (1955).
In this case, the actual applicable zoning of Lots 8, 9 and 10 on Assessor's Plat 22 restricted the use of those lots, as they were shown in the September 3, 1974 zone change. Lot 11 as it then appeared on September 3, 1974 and as it continued to appear, unchanged, would not have authorized the town's Building Inspector to have issued the building permit that is the subject matter of this appeal. Accordingly, the Zoning Board, having properly acquired jurisdiction to review the Building Inspector's action § 45-24-19 R.I.G.L., had the legal authority and right to reverse it. Zeilstra v. Zoning Board of Barrington,417 A.2d 303, 308-309 (1980).
The plaintiff's appeal is denied and dismissed.
Counsel will prepare the appropriate Judgment for entry by the Court.