Teresa A. FRANCO et al.

v.

Suzanne WHEELOCK et al.

No. 98–562–Appeal.

Supreme Court of Rhode Island.

April 12, 2000.

Albert R. Romano, Providence, for plaintiff.

Scott T. Spear, Providence, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

OPINION

PER CURIAM.

This appeal concerns the propriety of a municipality seeking and obtaining an advisory opinion from its zoning board of review concerning the parking-and-patron-capacity restrictions for a local waterfront restaurant and marina (restaurant) after the Superior Court had restrained the municipality from enforcing those restrictions against the restaurant. In response to this injunction, the parties filed cross motions for summary judgment. The defendants, Suzanne Wheelock, in her capacity as treasurer of the Town of East Greenwich, and the Town of East Greenwich (collectively, the town), appeal from the Superior Court order granting in part and denying in part the parties' motions. We ordered the parties to show cause why we should not resolve this appeal summarily. Because no cause has been shown, we proceed to do so.

On July 8, 1997, at the request of the Blue Parrot Food Service, Inc. d/b/a Blue Parrot Cafe (Blue Parrot), the East Greenwich Town Council (town council or council) approved an application for the transfer of the Blue Parrot's Class B–V alcoholic beverage, victualing, and entertainment/dance licenses to plaintiff, Teresa A. Franco d/b/a The Blue Parrot Yachting Tavern (restaurant). The council's approval of the license transfers, however, was "subject to compliance of [*sic*] all applicable town ordinances and regulations *including the Town zoning requirements relative to parking which limit the [restaurant's] occupancy to 193 patrons, plus employees*." (Emphasis added.)

In response to the council's imposition of this capacity restriction on the license transfers, the restaurant sued to obtain a declaratory judgment and damages from the town. The restaurant also sought an

order temporarily restraining and enjoining the town from enforcing the 193–person–occupancy restriction on the council's approval of the Blue Parrot's license transfers. The restaurant asserted that in 1982 the Blue Parrot had constructed a deck on the property in accordance with permits duly issued by the Coastal Resources Management Council and the town's building official. The restaurant maintained that the Blue Parrot had obtained these permits properly, that it had complied with the building code and zoning laws ever since, and that in the past the town had never enforced the parking-and-patron-capacity restrictions that it now sought to impose.

After a hearing, the Superior Court granted the restaurant's motion for a temporary restraining order and enjoined the town "from enforcing any capacity restrictions contained in the order of the Town Council until further order of this Court." The court also scheduled a hearing on plaintiffs' motion for a preliminary injunction. Within a week after the court issued this order, the town council voted unanimously to amend its previous approval of the license transfers to delete all reference to the restaurant's alleged capacity restrictions. The amended motion, however, retained the lead-in language from the council's previous order, stating that the license transfers would be "subject to compliance with all applicable Town ordinances and regulations." In its brief to this Court, the town contends that the town council's approval of the license transfers was amended "[i]n response to the restraining order and to eliminate any need for the restraining order." At this same town council meeting, however, the council also voted to have the zoning enforcement officer, Donald Dailey, request a ruling from the town's zoning board of review (zoning board or board) that would indicate what parking restrictions applied to the restaurant. Thereafter, Dailey sent a memorandum to the zoning board requesting a formal hearing so he could obtain a ruling from the board concerning the restaurant's parking restrictions. Dailey believed that the board had the authority to decide this matter pursuant to G.L.1956 § 45–24–57. Section 45–24–57 provides as follows:

"[T]he zoning board of review shall:

(1) Have the following powers and duties:

* * *

(viii) To *hear and decide other matters*, according to the terms of the ordinance or other statutes, and upon which the board may be authorized to pass under the ordinance or other statutes * * *." (Emphasis added.)

In accordance with this request the board sent a notice to plaintiffs, advising them of the upcoming hearing date on the parking requirements for the restaurant.[1] On October 30, 1997, the zoning board held a hearing. The plaintiffs assert that this was not a hearing for the purpose of rendering a decision or ruling; instead, plaintiffs assert, at this meeting it "was represented by Defendants' counsel that the * * * [b]oard was [to merely] *advise* the [town council] so that a proper determination could be made as to the parking requirements at Plaintiffs' property." The town, however, maintains that this meeting constituted an "extensive public hearing," with the introduction of evidence and the opportunity for the restaurant to make its presentation on what capacity restrictions applied to the restaurant. Because a complete transcript from the hearing is not part of the record on appeal, the exact

---

1. The notice provided as follows:

"The East Greenwich Zoning Board has scheduled a hearing on the Zoning Official's request for a ruling regarding the parking requirements for the [restaurant]. A copy of the request is attached. This hearing will take place Thursday, October 30, 1997 at 7:00 P.M. in the Town Council Chambers, East Greenwich Town Hall, 125 Main Street. You are invited to attend and participate, as you deem proper. If questions exist regarding this hearing please contact this office at 886–8645."

nature of the proceedings before the board is unclear.[2] The notice of the hearing, however, does not suggest that the hearing convened to adjudicate any alleged zoning violation; rather, it merely stated that the zoning enforcement officer had requested a ruling regarding the parking requirements for the restaurant. Moreover, after completing the hearing, the board rendered a unanimous decision—designated as an "advisory opinion"—finding that "[t]here is sufficient parking at 28 Water Street * * * only for 193 patrons, employees and 75 boat slips. A more intense use of the property will require further relief from the Board."

Following the zoning board's decision, the town moved for summary judgment in the pending Superior Court lawsuit. The town asserted that the zoning board, as opposed to the town council, had decided the substantive issue relative to the appropriate parking requirements at the restaurant and that the restaurant had not appealed the board's decision. Pursuant to § 45–24–69(a):

"[a]n aggrieved party may appeal a *decision* of the zoning board of review to the superior court for the county in which the * * * town is situated by filing a complaint stating the reasons of appeal within twenty (20) days after the decision has been recorded and posted in the office of the * * * town clerk." (Emphasis added.)

Hence the town claimed that the board's decision was final and that the pending action before the Superior Court was rendered moot.

The restaurant responded by moving to adjudge the town in contempt of the court's order restraining and enjoining the town, its agents, servants, and employees (including the police department) from enforcing any capacity restrictions on the restaurant's property. The restaurant also filed an objection to the town's motion for summary judgment. Thereafter, the restaurant filed a cross-motion for summary judgment and withdrew its contempt motion. It argued that the town was estopped from enforcing a 193–person capacity restriction that effectively revoked a permit that the town had issued and renewed for many years without enforcing this alleged capacity restriction.

After a hearing, the motion justice denied the town's motion for summary judgment and granted in part the restaurant's motion for summary judgment. In doing so, the motion justice stated:

"[T]he Court declares the action of the Town of East Greenwich Zoning Board of Review taken on December 12, 1997 and concerning the premises located at 28 Water Street, East Greenwich, Rhode Island, Assessor's Plat 1, Lot 94 and 347, to be a nullity. The Town * * * is permanently restrained and enjoined from enforcing the decision of December 12, 1997 and recorded at Book 226, Page 291 in the land evidence records of the Town of East Greenwich. * * * [T]he Zoning Board of Review * * * exceeded its powers by giving an advisory opinion as it did on December 12, 1997."

The town raises several issues on appeal from the Super. R. Civ. P. 54(b) final judgment that entered following the court's summary-judgment ruling. It argues that the motion justice erred in denying its motion for summary judgment and in granting in part the restaurant's motion. The town maintains that once the town council had amended its approval of the license transfers on July 22, 1997, and eliminated all references to capacity restrictions, the issues in this action became moot and, therefore, no genuine issue of material fact was in dispute.

2. Nevertheless, the board's advisory opinion does contain a summary of the proceedings. Apparently, they consisted of opening remarks by the restaurant's attorney, a brief overview by that same attorney in which he reviewed the various permits issued to the restaurant over the years, as well as a rebuttal by the town's attorney.

The town, however, did not move for summary judgment after deleting the capacity restrictions from its prior approval of the license transfers to the restaurant. Nor did it seek to vacate the restraining order. Rather, in the hope of obtaining an "advisory opinion" from the zoning board that would affirm the alleged 193–person–capacity restriction on the restaurant's operation, the town council sought to have the town's zoning enforcement officer secure a favorable zoning-board ruling concerning the very same parking and patron-capacity restrictions that the court had enjoined defendants from enforcing. After the town obtained the favorable answer it was seeking from the zoning board, it then sought a summary judgment that would enable it to enforce the capacity restrictions against the restaurant. Thus, it appears to us that the town's actions were an attempt to circumvent the Superior Court's jurisdiction over this dispute and to render moot the court's temporary restraining order that had enjoined the town from enforcing these capacity restrictions against the restaurant.

The town also argues that the motion justice erred in finding that the zoning board had exceeded its authority in issuing an "advisory opinion." The town contends that the Superior Court did not have jurisdiction to review the board's "ruling" because the restaurant never sought to appeal the "ruling" to the Superior Court. The board's opinion, however, was designated as an "advisory opinion," notwithstanding the town's characterization of the decision as a "ruling." Because the opinion was not binding on the restaurant, it lacked standing to appeal from this advice. In ruling that the zoning board had no authority to render an advisory opinion, the motion justice indicated that no case or controversy was before the board when it issued its opinion. Indeed, the town acknowledged that it sought an "advisory opinion" from the board because it was the only way for local officials to sidestep the restraining order. As the town's lawyer admitted to the Superior Court, the only

reason that the council took this route is "because we had a decision from the Superior Court, a restraining order, that created an issue that had to get resolved. * * * [The advisory opinion request] was the mechanism to do it."

Moreover, under § 45–24–54, it is the zoning enforcement officer or agency, not the zoning board of review, that is authorized in the first instance to "provide guidance or clarification" by providing "information to the requesting party as to the determination" of a particular zoning violation and/or restriction. See id. Although the requesting party may appeal to the zoning board of review if no written response is provided within fifteen days of the request, no such appeal was taken here. And nothing in § 45–24–57, detailing the powers and duties of zoning boards of review, authorizes these boards to render advisory opinions whenever the zoning officer or the town council requests such advice. We have previously stated that the authority of zoning boards of review is limited in scope to that expressly conferred by statute. See Noonan v. Zoning Board of Review of Barrington, 90 R.I. 466, 159 A.2d 606 (1960). Although § 45–24–57(1)(viii) authorizes boards to "hear and decide" matters relating to such capacity restrictions as those that are at issue here, that language does not go so far as to authorize advisory opinions—let alone opinions that the town can later assert were binding on all interested parties after assuring the participants that the opinions would be merely advisory.

Moreover, given the preexisting court order restraining and enjoining the town—as well as its agents, servants, and employees (including the police department)—from enforcing any capacity restrictions against the restaurant, the board's advisory opinion was simply a nonbinding, unauthorized, and unenforceable determination. And it could not be used by the town as a predicate step towards enforcing these restrictions against the restaurant without

violating the restraining order. Therefore, the motion justice properly concluded that the action of the board was a nullity in regard to its impact upon this case.

For the foregoing reasons, we deny the appeal and affirm the Superior Court's judgment.