DECISION
The matter before the Court is an administrative appeal from a decision of the Platting Board of the Town of Hopkinton (hereinafter "Platting Board") recorded in the land evidence records on February 6, 2004.[1] The Platting Board's Decision (hereinafter "Decision") upheld the October 21, 2003 decision of the Planning Board which denied the Plaintiffs' requested subdivision relief for property described as Assessor's Plat 21, Lot 3C (hereinafter "parcel"). John G. Picerne is the owner of said parcel and Kelly Picerne, Inc. is a Rhode Island corporation doing business as Picerne Real Estate Group (hereinafter collectively "Plaintiffs" or "Picerne" or "applicant"). Denial of this application was premised upon a decision by the Hopkinton Zoning Board of Review (hereinafter "Zoning Board"), recorded on April 3, 1998, which granted the previous property owners dimensional relief subject to the condition that only one residence could be developed thereon. The Plaintiffs timely appealed the Platting Board's Decision to this Court pursuant to G.L. 1956 § 45-23-71.
 Facts and Travel
The Plaintiffs appealed an adverse Planning Board decision, dated October 21, 2003, and appeared at a public hearing before the Platting Board on January 28, 2004. The Platting Board's written Decision, filed February 6, 2004, unanimously upheld the Planning Board's denial of Picerne's requested subdivision relief. The Platting Board Decision provides: "(1) that the record below revealed no prejudicial procedural error or clear error, and (2) that the weight of the evidence in the record supported the decision below." See Decision of the Platting Board of the Town of Hopkinton. The Planning Board decision, dated October 21, 2003, provides as follows:
 "[O]n August 6th, 2003, the matter of the Hidden Ridge subdivision came before the Planning Board of the Town of Hopkinton. After heading [sic] from the petitioners regarding the request for the subdivision, the Planning Board made the following findings:
 (1) That a 1998 Zoning Board of Appeals decision granting a dimensional variance on said property and limiting the development of this property to one single-family dwelling was duly recorded in the land evidence records of the Town of Hopkinton.
 (2) That the Planning Board was bound by this recorded decision of the Zoning Board of Appeals and, therefore, lacked the authority to rule on this subdivision and denied the application of the petitioner."
According to the Platting Board record, in the late 1990s, the previous owners of the disputed parcel platted the area and created eight frontage lots along Skunk Hill Road. They retained a 20-acre parcel, the disputed parcel herein, and appeared before the Zoning Board to request a variance from the frontage requirements of the zoning ordinance in order to permit the building of a house on the parcel. (Tr. at 2-3.) The former owners could have created legal frontage for the interior lots by building a road in compliance with the zoning and subdivision regulations; however, they elected not to do so and instead requested a variance from the frontage requirement in order to construct a single residence. The Zoning Board granted a dimensional variance with the condition that "there's only going to be one house" on the parcel. (Tr. at 3-4.) The record indicates that a deed restriction was not imposed, but rather conditional language accompanied the approval.[2]
The Plaintiffs' position is that as current owners of property located in an R-80 zone they are entitled to request subdivision relief "not with any frontage waivers, but by supplying to each one of those parcels the required frontage allowed under the zoning ordinance." (Tr. 4.) The current application, unlike the 1998 application to the Zoning Board, contemplates the building of a subdivision road, to be owned by the Town and built in accordance with Town specifications.
The Planning Board never reached the merits of the application, but relied exclusively in its denial on the condition set forth in the earlier decision of the Zoning Board. The Platting Board, finding no errors below, upheld the Planning Board decision.
 Standard of Review
Rhode Island General Laws, § 45-23-70, governs the standards of administrative appellate review regarding subdivisions of land within cities and towns, and § 45-23-71 governs appeals thereafter to Superior Court from decisions of a board of appeal. Section 45-23-70(a) provides:
 "As established by this chapter, in instances of a board of appeal's review of a planning board or administrative officer's decision on matters subject to this chapter, the board of appeal shall not substitute its own judgment for that of the planning board or the administrative officer but must consider the issue upon the findings and record of the planning board or administrative officer. The board of appeal shall not reverse a decision of the planning board or administrative officer except on a finding of prejudicial procedural error, clear error, or lack of support by the weight of the evidence in the record." (emphasis added.)
This Court's appellate review is authorized by § 45-23-71(c) and provides: "[T]he court shall not substitute its judgment for that of the planning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of appeal or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory, ordinance or planning board regulations provisions;
 (2) In excess of the authority granted to the planning board by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
Judicial review of a board's decision is not de novo, and thus this Court does not consider the credibility of the witnesses, weigh the evidence or make its own findings of fact. Munroe v.Town of E. Greenwich, 733 A.2d 703, 706 (R.I. 1999) (citingKirby v. Planning Bd. of Review of Middletown, 634 A.2d 285,290 (R.I. 1993)). Rather, the Court's review is "confined to a search of the record to ascertain whether the board's decision rests upon `competent evidence' or is affected by an error of law." Kirby 634 A.2d at 290.
 Analysis
The Platting Board, considering the appeal from the Planning Board, relied exclusively on the 1998 Zoning Board decision wherein the applicant's predecessor in title was granted a dimensional variance to construct one single family dwelling on the parcel in question. Both the Planning Board and the Platting Board ruled that they had no authority to consider the Picerne application for subdivision approval because the previous Zoning Board approval of a dimensional variance limited in perpetuity the future subdivision of the property. This is the classic case of both the Planning and Platting Boards confusing proverbial "apples and oranges." The previous owner never applied to the Planning Board for subdivision approval, but was content to obtain a dimensional variance from the Zoning Board, limiting the use of the parcel to a single dwelling. Picerne, however, applied to the Planning Board for subdivision approval, a matter thathad not and could not be adjudicated by the Zoning Board in 1998. See Struglia v. Zoning Bd. Of Review, 2002 R.I. Super. LEXIS 166 (2002); see also, Noonan v. Zoning Bd. Of Review,90 R.I. 466, 470, 159 A.2d 606, 608 (1960) (a zoning board of review is without authority to divide or regulate the subdivision of land).
Essentially, both the Planning Board, in its initial denial of the application, and the Platting Board, in its subsequent review, misapplied the doctrine of administrative finality. That doctrine stands for the proposition that a zoning board, when considering a subsequent application for substantially similar relief, is without power to reverse its prior decision absent a material change in circumstances. Hopf v. Bd. Of Review,102 R.I. 275, 283, 230 A.2d 420, 425 (1967); see also May-DayRealty Corp. v. Bd. Of Appeals, 107 R.I. 235, 236, 267 A.2d 400,402 (1970). That doctrine cannot serve to bar a planning board from considering a previously unreviewed application for subdivision approval, based on conditions set by a zoning board in its consideration of a prior application for dimensional variance. The very nature of the relief requested from the Planning Board materially distinguishes a requested subdivision approval from the prior requested dimensional variance.
In this case, neither the Planning Board nor the Platting Board considered the merits of the Picerne application. Accordingly, the only appropriate disposition of this appeal is for this Court to remand the matter to the Planning Board for its consideration of the merits of the Picerne subdivision application.[3]
[1] Town of Hopkinton Platting Board Meeting, Transcript of January 28, 2004 (hereinafter "Tr.").
[2] The Zoning Board decision, recorded April 3, 1998, reads in its entirety: "[A] motion was made by Thurman Silks and seconded by John Algiere to grant the DIMENSIONAL VARIANCE to Ronald Mann and Joseph DeMarco for a variance of 50 feet, to allow for driveway access to the property fronting Skunk Hill Road subject to the condition that one 50' foot by 100' foot, (maximum dimension), single family dwelling be constructed on Lot 3C."
[3] Since neither the Planning Board nor the Platting Board reached the merits of the application, this Court expresses no opinion on the propriety of the subdivision application. Clearly, no record exists for such judicial review at this time.